UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **2:26-cv-07698-MCS-KS** | Date | July 29, 2026 |
| Title | ***Rosso v. Encompass Servs., LLC*** | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: SUBJECT-MATTER JURISDICTION**

Plaintiff Linda Rosso initiated this personal injury action in the Santa Barbara County Superior Court. (Smith Decl. Ex. A ("Compl."), ECF No. 1-2.) Defendant Encompass Services, LLC, removed the case to this Court, invoking diversity jurisdiction. (Notice of Removal 3–4, ECF No. 1.)

The Court questions whether it has diversity jurisdiction over this action. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Federal courts are of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

Defendant offers insufficient information about its citizenship. Limited liability companies are citizens of "every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In its notice of removal and supporting declaration, Defendant contends that

its "*members*" are "all *citizens* of the state of Texas." (Notice of Removal 3 (emphases added); *see* Smith Decl. ¶ 8, ECF No. 1-1.) But the statement of information filed with the California Secretary of State and attached to the notice of removal identifies a single member, Eagle Infrastructure Services, LLC, which maintains a Texas address. (Smith Decl. Ex. F, ECF No. 1-7.) Elsewhere, Defendant submits that it is a wholly owned subsidiary of Eagle Infrastructure Services, LLC, which is in turn wholly owned by Eagle Infrastructure HoldCo Blocker, LLC, which is in turn wholly owned by Eagle Infrastructure Super HoldCo LLC. (Notice of Interested Parties, ECF No. 3; Corp. Disclosure Statement, ECF No. 4.) While Defendant represents that Eagle Infrastructure Super HoldCo LLC is "majority owned" by Blue Owl Capital, Inc., (Corp. Disclosure Statement 2), Defendant's submissions do not identify all of Eagle Infrastructure Super HoldCo LLC's members and their citizenship, let alone the states in which Blue Owl Capital, Inc., is organized and maintains its principal place of business, *see* 28 U.S.C. § 1332(c)(1), as is required to fulfill its obligations under Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1. The Court cannot determine Defendant's citizenship without information establishing the identity and citizenship of each of Eagle Infrastructure Super HoldCo LLC's members.

The Court orders Defendant to show cause why the case should not be remanded for lack of jurisdiction. Defendant shall file a written response within 14 days of entry of this Order either acknowledging the Court lacks diversity jurisdiction or providing additional facts to support diversity of citizenship. Failure to file a timely and satisfactory response will result in remand or dismissal without further warning.

**IT IS SO ORDERED.**



: XX
Initials of Deputy Clerk SMO